UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA MUETHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  4:21-cv-00473-AGF |
| | ) |
| JP MORGAN CHASE BANK, N.A., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant CSM Foreclosure Trustee Corporation's ("CSM") motion to quash (ECF No. 9), in which CSM argues that it was not properly served. CSM asserts that the improper service of process occurred while the case was pending in state court, prior to removal. Co-Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. removed the case to April 23, 2021 on the basis of diversity jurisdiction, arguing that CSM, a Missouri citizen, had been fraudulently joined. *See* ECF No. 1.

"State procedural rules, such as rules regarding the sufficiency of process and service of process, govern until a case is removed to federal court." *Loomis v. Ameristar Casino Kansas City, LLC*, No. 4:19-CV-01009-DGK, 2020 WL 1322578, at *2 (W.D. Mo. Mar. 20, 2020) (citing *Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734, 741 (8th Cir. 2009)). Under Missouri law, Plaintiff was required to serve process upon CSM "within 30 days after a summons is issued." *See Boyle*, 571 F.3d at 742 (citing Mo. Sup.Ct. R. 54.21 ("The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it *shall be returned to the court within thirty*

1

*days* after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.") (emphasis added)).  It is undisputed that Plaintiff did not serve the summons within the 30-day period, did not return it to the court with a statement of reasons for failing to serve CSM, and did not ask the court for an extension of time up to 90 days to effect service.  CSM therefore requests that the Court quash the service of summons and that the matter be dismissed for lack of personal jurisdiction over CSM.

In response (ECF No. 16), Plaintiff concedes that there is no personal jurisdiction over CSM in this case as there was not proper service of process on CSM.  Plaintiff has also not timely moved to remand this case to state court or disputed that CSM was fraudulently joined.

In light of the undisputedly fraudulent joinder of CSM, this Court's broad discretion to dismiss Plaintiff's claim against CSM for want of jurisdiction in light of defective service, and Plaintiff's concession that the claims against CSM only are not properly before this Court, the Court will dismiss Plaintiff's claims against CSM without prejudice.  *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) (holding that claims against a fraudulently joined defendant should dismissed without prejudice for lack of subject-matter jurisdiction); *C & L Farms, Inc. v. Federal Crop Ins. Corp.*, 771 F.2d 407, 408-09 (8th Cir. 1985) (per curiam) ("[W]here service of process is ineffective . . . the court has discretion either to dismiss the action, or to quash service but retain the case.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CSM Foreclosure Trustee Corporation's motion to quash is **GRANTED**, and Plaintiff's claims against the above-named Defendant

only are **DISMISSED without prejudice**.  ECF No. 9.

                                       _____
                                       AUDREY G. FLEISSIG
                                       UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2021.